HO-EL PARK (SBN 235473)
hpark@hparklaw.com
LAW OFFICE OF HO-EL PARK, P.C.
3230 E. Imperial Hwy., Suite 300
Brea, California 92821
Tel:(714) 523-2466
Fax:(714) 503-0788

Attorney for Defendants:
Jeff Tseng, Jianwei Li, Vincent Borges,
Eugene Estabrook, and Shuhua Qin

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Kigan Industry Co. Ltd.,

Plaintiff,

v.

Jeff Tseng, Jianwei Li, Vincent Borges, Eugene Estabrook, and Shuhua Qin,

Defendants

CASE NO. 2:25-cv-03792-CAS (JDEx)

Assigned to: Hon. Christina A. Snyder

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

[F.R.Civ.P 12(b)(6)]

Hearing Date: October 6, 2025
Time: 10:00 AM
Courtroom: 8D

Defendants, Jeff Tseng, Jianwei Li, Vincent Borges, Eugene Estabrook, and Shuhua Qin (collectively, the "Defendants") hereby submit their joint motion to dismiss Plaintiff's First Amended Complaint filed on June 5, 2025 (Docket #13) ("FAC") pursuant to the provisions of Federal Rules of Civil Procedure §12(b)(6).

## I. INTRODUCTION

Plaintiff Kigan Industry Co. Ltd seeks damages against the Defendants for certain design patent infringement, along with breach of contract claims, false advertising, and violation of California's Business & Professions Code §17200. However, these individual Defendants were never sellers of the "Accused Product" (FAC, 4:1-2) or had any agreement with Plaintiff. Plaintiff's claims against these Defendants are insufficiently pled and they all must fail.

## II. RELEVANT FACTS

On April 29, 2025, Plaintiff filed this instant action against Platinum Equity, LLC, GSM Outdoors Holding Corporation ("GSM"), and Phenix Rods & Accessories ("Phenix"). On June 5, 2025, Plaintiff dismissed all of said defendants without prejudice. On said date, Plaintiff filed the same patent infringement (and related) action against GSM and Good Sportsman Marketing, LLC in the Northern District of Texas (Case #3:25-cv-1431). See **Ex. A** to Defendants' Request for Judicial Notice filed herewith. On said date, Plaintiff also filed this instant FAC.

On August 19, 2025, Defendants appeared in this action by "Waiver of Service of Summons" and then parties submitted a "Stipulation to Extend Time to Respond to [FAC]", with new response date of September 5, 2025. On August 19, 2025, the counsels telephonically "met and conferred" regarding the issues raised in this instant motion but could not come to an agreement, leading Defendants to file same.

## III. STANDARD FOR MOTION TO DISMISS

A motion to dismiss under FRCP Rule 12(b)(6) may be brought where a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations, a plaintiff's obligation to provide the grounds of his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id.

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR "DESIGN PATENT INFRINGEMENT" AGAINST THE DEFENDANTS

35 U.S.C. §271 (a) states "…whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." Here, Plaintiff does not cite any facts as to who, when, and how each of the individual Defendants made, used, offered to sell, or sold any of the Accused Product. On the contrary, Plaintiff alleges that "Phenix manufactured, used, sold, offered for sale, and/or imported into the United States fishing rods that infringe the '733 Patent" and thereafter GSM acquired Phenix. FAC, 3:20-25. Plaintiff is already suing GSM (successor to Phenix) in Texas for this exact claim (See "Count I" of the Complaint – **Ex. A** of Defendants' Request for Judicial Notice).

## V. PLAINTIFF FAILS TO STATE A CLAIM FOR "BREACH OF CONTRACT" AGAINST THE DEFENDANTS

To state a cause of action for breach of contract, a plaintiff must be able to establish "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis West Realty, LLC v. Goldman (2001) 51 Cal.4th 811, 821.

Here, no facts are alleged to demonstrate how each of the individual Defendants entered into an agreement with Plaintiff. Instead, Plaintiff alleges that "[o]n March 22 [,2022], the parties agreed that they had entered into an agreement…under which **Phenix** would stop selling the [Accused Product] and they

would engage in business together…" FAC, 6:20-24. Emphasis Added. In fact, Plaintiff is already suing GSM (successor to Phenix) in Texas for this exact claim (See "Count II" of the Complaint – **Ex. A** of Defendants' Request for Judicial Notice).

In addition, this "agreement" violates Section 2201(1) of the California Commercial Code, which requires a contract for sale of goods with a price of $500 or more to be in "…writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his or her authorized agent or broker". Here, FAC contains no allegations that there was such written contract signed by each and every individual defendant. Rather, Plaintiff alleges that "[w]hile the parties did not formally sign a contract, both parties agreed on the contract's essential terms". FAC 6:26-27. Since this action seeks money damages in excess of $1 Million (FAC, 20:9-10) and further alleges that Phenix has agreed to purchase "…3,000 sets of guide sets and hookkeepers" (FAC, 7:1-2), it falls squarely within Commercial Code 2201(1) and Plaintiff has admitted in its own pleading that there is no written agreement (albeit with these individual Defendants).

Moreover, the alleged agreement, if valid, violates statute of limitations. Under California Code of Civil Procedure §339, for oral contracts, two-year statute of limitations governs. This also applies to implied/quasi contracts. Davies v. Krasna (1975) 14 Cal.3d 502, 508, 509 n6. Here, Plaintiff states that Defendants have "…breached the Agreement on December 16, 2022 by declining to place an order and purchase products from Kigan" FAC, 15:24-25. This action was filed on April 29, 2025, more than 2 years from the time of alleged breach.

**VI. PLAINTIFF FAILS TO STATE A CLAIM FOR "BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING" AGAINST THE DEFENDANTS**

"'The [implied] covenant of good faith and fair dealing [is] implied by law in every contract.' [Citation.] The covenant is read into contracts and functions 'as a

supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract.' [Citation.]. The covenant also requires each party to do everything ***the contract presupposes the party will do to accomplish the agreement's purposes***. [Citation.] A breach of the implied covenant of good faith ***is a breach of the contract*** [citation], and 'breach of a specific provision of the contract is not… necessary' to a claim for breach of the implied covenant of good faith and fair dealing [citation]." Thrifty Payless, Inc. v. The Americana at Brand, LLC (2013) 218 Cal.App.4th 1230, 1244. Emphasis Added.

Here, Plaintiff alleges the Accused Product was not removed from Phenix's website and the Kigan made multiple samples for Phenix and GSM. FAC, 17:4-7. There is no allegation tying these individual Defendants at all. In any event, as Plaintiff has failed to sufficiently plead any breach of enforceable or valid contract against these individual Defendants as explained in the "breach of contract" claim above, this claim should also fail. Moreover, Plaintiff is already suing GSM in Texas for this exact claim (See "Count III" of the Complaint – **Ex. A** of Defendants' Request for Judicial Notice).

## VII. PLAINTIFF FAILS TO STATE A CLAIM FOR "BREACH OF QUASI-CONTRACT/UNJUST ENRICHMENT"

Unjust enrichment is not a cause of action. It is simply "a restitution claim". Hill v. Roll International Corp. (2011) 195 Cal.App. 4th 1295, 1307; see also Melchior v. New Line Productions, Inc. (2003) 106 Cal.App.4th 779, 793 ("there is no cause of action in California for unjust enrichment"). Further, any "quasi-contract" claim is barred by statute of limitations. Davies, *supra.*

Here, Plaintiff concludes that "Defendants have been unjustly enriched by the value of Kigan's efforts and investment into its samples for Defendants, as well as by Kigan's agreement to not file suit for Defendants' infringing actions". FAC, 17:16-18. On the contrary, Plaintiff has already alleged that the samples were made

for Phenix and GSM. FAC, 17:4-7. Again, as argued in the contract related claims above, Plaintiff has no footing to tie these individual Defendants, either in fact (no meeting of the minds) or law (statute of frauds/statute of limitations). Again, Plaintiff is already suing GSM in Texas for this exact claim (See "Count IV" of the Complaint – **Ex. A** of Defendants' Request for Judicial Notice).

**VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR "FALSE ADVERTISING"**

Plaintiff brings forth 15 U.S.C. §1125 (a) as basis for this claim, alleging that Defendants have "…made false or misleading statements regarding its commercial advertisements of the Accused Product on its website". FAC, 18:1-3. However, this website is allegedly run by Phenix (and now GSM). FAC 12:16-18. Plaintiff has alleged that GSM acquired Phenix and a "notice of infringement" was sent to GSM in 2024. FAC, 11:17-20. No specific allegations are made as to these individual Defendants.

15 USC §1125 (a) applies to a violation done "in commerce". It says:

> "[a]ny person who, on or in connection with any goods or services, or any container for goods, **uses in commerce** any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which [(A)] is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or [(B)] **in commercial advertising or promotion**, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." Emphasis Added.

Here, no allegation exists as to how these individual Defendants have committed any acts "in commerce" as required by this statute. They do not even own the alleged website. Plaintiff is already suing GSM in Texas for this exact claim (See "Count V" of the Complaint – **Ex. A** of Defendants' Request for Judicial Notice).

## IX. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, et. seq.

Plaintiff claims that "[t]his is a claim for unfair competition arising under California Business and Professions Code §17200 et. Seq." FAC, 19:11-12. It further goes on to say "Defendants' acts of patent infringement…constitute unfair competition with Kigan". FAC, 19:13-14.

The California Supreme Court has defined "unfair" as "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise, significantly threatens or harms competition". Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co. (1999) 20 C4th 163, 187. However, Cel-Tech limited this definition to ***actions among competitors***. Id.

Here, these individual Defendants and Kigan are not competitors. "Kigan has established itself as a global fishing rod parts maker that manufactures fishing products…[which are] sold across the United States". FAC 3:12-15. The individual Defendants are not as they are named as just "Equityholder" or an "employee" of Phenix. FAC, Section II.

## X. CONCLUSION

Plaintiff has not and cannot plead sufficient facts to support its six legal claims against these individual Defendants. None of these Defendants have acted in any individual capacity with Kigan. Plaintiff has acknowledged that GSM is the successor of Phenix and has brought an identical suit against GSM in Texas. At the

very least, any continual wrongdoing alleged against these Defendants even after GSM's acquisition of Phenix should not pass muster.

For any past alleged wrongdoings (prior to Phenix acquisition), Plaintiff faces various legal challenges, especially in its contract theories against the Defendants, including statue of frauds and statute of limitations. The lengthy factual timeline and conversation quotes by the individual Defendants contained in the "Factual Background" section of FAC is nothing more than Defendants working in their employment or representative capacities of Phenix in trying to resolve a potential business risk (which should not be interpreted as acknowledging any patent ownership by Kigan). Further, nothing of any substance has been alleged against defendants Shuhua Qin or Jeff Tseng at all.

Ultimately, it is the entity, Phenix, that had the "ability" to perform any agreements (i.e. placing any order or taking down website and not any agent or employee in their "individual" capacities). Defendants believe this entire lawsuit is brought on GSM's sheer suggestion that "Kigan amend its complaint to add [the Defendants]". FAC 12:27-28; 13:1-2. There is no legal or factual support for Plaintiff's claims against the Defendants and Plaintiff already has a pending action against GSM in Texas (who is challenging Kigan's ownership of the subject patent). Allowing both suits to continue may raise duplicative recovery issues as well.

Based on the above, this motion should be granted.

Respectfully Submitted,

Dated: September 5, 2025

LAW OFFICE OF HO-EL PARK, P.C.

By: /s/Ho-El Park

Ho-El Park,
Attorney for Defendants:
Jeff Tseng, Jianwei Li, Vincent Borges, Eugene Estabrook, and Shuhua Qin.

# CERTIFICATE OF SERVICE

I, Ho-El Park, hereby declare under the penalty of perjury as follows:

I am the principal attorney of the Law Office of Ho-El Park, P.C. with principal place of business at 3230 E. Imperial Hwy, Suite 300, Brea, CA 92821. I am over the age of eighteen and not a party to this action.

On September 5, 2025, I electronically filed the foregoing document **DEFENDANTS' REQUEST FOR NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record listed below via transmission of Notices of Electronic Filing generated by CM/ECF (U.S. District Court, Central District of California, Local Rule 5-3.3). The Notice of Electronic Filing that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document(s) on registered users.

**Service List**

Erica J. Van Loon, Esq.
evanloon@nixonpeabody.com
Yun Kim
ykim@nixonpeabody.com
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Attorneys for Plaintiff
Kigan Industry Co. Ltd.

Executed on September 5, 2025 at Brea, California.

/s/Ho-El Park
Ho-El Park